COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Moon, Judges Coleman and Overton
Argued at Salem, Virginia


ELGIN SWEEPER COMPANY

                                     MEMORANDUM OPINION* BY
v.        Record No. 1481-96-3       JUDGE NELSON T. OVERTON
                                          MARCH 18, 1997
J. W. BURRESS, INC.


         FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                  Clifford R. Weckstein, Judge

         E. Duncan Getchell, Jr. (Dorothy C. Young;
         S. D. Roberts Moore; Paul G. Klockenbrink;
         McGuire, Woods, Battle & Boothe, L.L.P.;
         Gentry, Locke, Rakes & Moore, on briefs), for
         appellant.

         James W. Jennings, Jr. (James K. Cowan, Jr.;
         Woods, Rogers & Hazlegrove, P.L.C., on
         brief), for appellee.


    J. W. Burress, Inc., requested a hearing from the Department

of Motor Vehicles (DMV) and was denied.  The Circuit Court of the

City of Roanoke reversed the findings of the Commissioner and

Elgin Sweeper Company (Elgin) now appeals that decision.  For the

reasons stated, we reverse.

    Burress sold Elgin street sweepers at its four places of

business in Richmond, Norfolk, Roanoke, and Gainesville.  Except

for Richmond, these facilities were licensed motor vehicle

dealerships when Elgin first contracted with Burress.  The Dealer

Agreement gave Burress an Area of Primary Sales Responsibility

(APSR) that included the entire Commonwealth.  An APSR is a

    *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

geographical area within which Elgin was not to appoint another dealer. The contract specifically states that "Elgin may alter the APSR . . . at any time by providing reasonable advance written notice to Dealer."

In October 1993 Elgin attempted to terminate the contract. When Burress protested and invoked the Motor Vehicle Dealers Act, Code § 46.2-1500 et seq., Elgin subsequently reduced Burress' APSR to a 15-mile radius around Roanoke, effective March 1994. It also created small APSRs around the two other facilities that were licensed dealerships covered by the Act. In October 1994 Elgin appointed a new firm in Richmond as a second authorized dealer.

Under the Act, a dealer may request a hearing before the DMV concerning the proposed appointment of a new franchise within the existing dealer's "relevant market area." See Code § 46.2-1596(4). The new appointment will go forward only if the DMV finds in an administrative hearing that the relevant market area will support franchises. The Code gives three options for defining the relevant market area, based on either population or "the area of responsibility defined in the franchise." Code § 46.2-1500.

The parties did agree to an area of responsibility in the Dealer Agreement. That same contract, however, contained a provision by which Elgin could modify the area of sales responsibility. Elgin followed the agreed upon provision,

providing advanced written notice and reducing Burress' area of responsibility to the areas around each facility.

Burress argues that Elgin may not modify the contract without a hearing before the DMV. While Burress may have a right to a hearing if Elgin attempts to add a new franchise, or terminate, cancel, or refuse to renew a franchise, see Code § 46.2-1569(4-5), nothing in the Motor Vehicle Dealers Act places any limitations on Elgin's right to modify the area of sales responsibility and therefore the relevant market area. Elgin needed to follow only the conditions set forth in the agreed upon contract, which it did.[1]

Once Elgin effectively reduced Burress' relevant market area, it was free to appoint any new franchises outside this area without a need for a hearing.

We therefore reverse the decision of the circuit court and agree with the Commissioner of the DMV that Burress is not entitled to a determination as to the appointment of a new Elgin dealer in Richmond.

Reversed.

---

[1]The Code may place a lower boundary on the relevant market area by its phrasing the "area within a radius of twenty miles around an existing franchised dealer or the area of responsibility defined in the franchise, whichever is greater." Code § 46.2-1500 (emphasis added). Whether it does, however, is unimportant in this case because the proposed new franchise lies outside the relevant market area under either of these definitions.